```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION


RONALD SMITH,                    )
                                 )
            Petitioner,          )
                                 )
       v.                        )    No. 4:09 CV 1227 HEA/DDN
                                 )
 DON ROPER,                      )
                                 )
            Respondent.          )
```

### MEMORANDUM AND ORDER

This action is before the court upon the motion of Missouri state prisoner Ronald Smith for an order requiring the respondent to produce certain transcripts. (Doc. 20.) In his motion, petitioner requests transcripts from three specific dates: March 3, 1997, May 6, 1997, and September 25, 1997. (Id. at ¶ 4.) He argues that these transcripts have a direct bearing on his claims. (Id.) He also notes that he has attempted to obtain copies of these transcripts from the trial court and the court reporter, but that these attempts have been unsuccessful. (Id. at ¶¶ 2, 3.)

A review of the docket sheet provides a summary of the proceedings on each of these three dates. (Doc. 11, Ex. C at 13-14.) The docket sheet for March 3, 1997, reads,

> CAUSE CALLED. State appeared by Prosecuting Attorney of Wayne Co. Mr. Jon Kiser. Defendant appeared in person and with Mr. L. Dwayne Hackworth, an attorney of his own choosing. State files application for appointment of Special Prosecutor. Court appoints Jeremiah W. (Jay) Nixon, Attorney General of Missouri, as Special Prosecutor in this cause and signs order this date. Clerk to notify the Attorney [General's] Office this date and also notify the Attorney [General's] Office that the Defendant is incarcerated and is demanding a speedy trial.

(Id. at 13.)

The docket sheet for May 6, 1997, reads,

> CAUSE CALLED. No appearances by the Special Prosecutor, Mr. David B. Cosgrove, Assistant Attorney General. Assistant Attorney General faxed available dates for trial. Defendant appeared in person and with Mr. L. Dwayne Hackworth attorney of his own choosing. Cause set for trial #1 setting,

>     Wednesday October 8, 1997, October 9 and October 10 and
>     October 11. Pre-trial at 8:00 a.m.

(Id.)

> The docket sheet for September 25, 1997, reads
>
> CAUSE CALLED. State appeared by Ass't Attorney General Mr.
> David Brown. Defendant appeared in person and with Mr. L.
> Dwayne Hackworth an attorney of his own choosing. Court
> signs order this date changing venue from the Circuit Court
> of Reynolds Co. to the Circuit Court of Dent Co. and the
> original file to be sent in lieu of transcript. Reason the
> court made this order is based upon fundamental fairness to
> the State and to the Defendant. Case to remain on trial
> setting Oct. 8, 9, 10, & 11 if necessary, pretrial 8:00 a.m.
> on Oct. 8. Court takes up Motion to Strike Notice of
> [State's] intention to seek death penalty and list of
> aggravating circumstances filed by the Defendant Sept. 22,
> 1997. After oral argument by Defendant and by counsel for
> State, said motion taken up, considered, and [overruled].
> Court takes up [State's] Motion for Continuance filed this
> date and counsel for Defendant waived formal notice. Oral
> arguments heard on [State's] motion for continuance and
> Court, after hearing the arguments and considering the
> Motion, sustains same. Cause removed from trial setting Oct.
> 8, 9, 10, & 11 in the Circuit Court of Dent Co. Defendant
> to remain incarcerated in the Wayne Co. jail until further
> order of this court.

(Id. at 14.)

On each of these three days, the court mostly heard scheduling issues. On March 3, 1997, the court appointed Jay Nixon as the special prosecutor in the case, and notified the prosecutor's office that the defendant was incarcerated and demanding a speedy trial. On May 6, 1997, the court set the case for a trial during the week of October 8, 1997. On September 25, 1997, the court changed the venue and ordered a continuance of the trial date. The court also heard arguments on the defendant's motion to strike notice of the state's intention to seek the death penalty. The court denied this motion. Looking to the docket sheet, the motion to strike the state's intention to seek the death penalty appears to be the only substantive issue that was discussed on either of these three dates. Finally, it should be noted that the state has already filed an extensive set of transcripts; the record in this case is over 1,400 pages long.

For these reasons,

**IT IS HEREBY ORDERED** that the motion of petitioner for an order that respondent produce transcripts of three specific state court proceedings is denied without prejudice. Petitioner may file a new motion for this relief, if he states in the motion the specific relevance of the transcripts being requested. In particular, the petitioner must state what these transcripts would show and provide details on how they would relate to the issues raised in his habeas petition.

                                             /S/   David D. Noce
                                       **UNITED STATES MAGISTRATE JUDGE**

Signed on June 4, 2010.