UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROLAND R. SMITH, JR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:09 CV 1227 HEA/DDN |
| | ) |
| DON ROPER, | ) |
| | ) |
| Respondent. | ) |

### MEMORANDUM AND ORDER

The matter is before the court upon the motion of petitioner Roland R. Smith, Jr., for an order directing respondent to produce certain transcripts (Doc. 24). In his motion, petitioner requests transcripts of state court proceedings from three specific dates: March 3, 1997, May 6, 1997, and September 25, 1997. (Id. at ¶¶ 3-5.) Petitioner previously moved for these transcripts (Doc. 20), which the court denied without prejudice for lack of a showing of specific relevance (Doc. 22).

Petitioner now states that the March 3, 1997 transcripts will show that the trial court made certain initial rulings which are not reflected on the docket sheet, and that these rulings will enable him to prove prejudice in his speedy trial claim; that the May 6, 1997 transcripts contain a discussion by the trial court about the potential prejudice to petitioner if the court granted the state's motion for a continuance; and that the September 25, 1997 transcripts contain oral arguments preceding the trial court's grant of the state's motion for a continuance, and that these oral arguments support his claim. (Doc. 24 at ¶¶ 3-5.) Petitioner also argues that he needs the transcripts to argue that the trial court erred in granting the state's motion for a continuance. (Id. at ¶¶ 7-8.)

Respondent does not oppose petitioner's request.

In Ground 1 of his habeas petition, petitioner argues that his appellate counsel was ineffective for failing to argue that the trial court erred in denying his motion to dismiss for violating his speedy trial rights. (Doc. 16 at 15-17.) To prevail on his claim, petitioner

must show, *inter alia*, that he was prejudiced by his counsel's deficient performance.  <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984).

Therefore, petitioner has shown how the transcripts might be relevant to an issue raised in his habeas petition.  In the interests of justice and to ensure a full and fair determination of his habeas petition, petitioner must be provided with copies of the transcripts.

For these reasons,

**IT IS HEREBY ORDERED** that the motion of petitioner for production of transcripts (Doc. 24) is sustained.  Not later than April 25, 2011, respondent shall file with this court and serve on petitioner copies of the transcripts of proceedings in the Circuit Court of Reynolds County in petitioner's case on March 3, 1997, May 6, 1997, and September 25, 1997.

      /S/   David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on March 9, 2011.