UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RONALD R. SMITH, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:09CV1227 HEA |
| ) | |
| TROY STEELE, ) | |
| ) | |
| Respondent. ) | |

# OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Magistrate Judge Noce's Order and Recommendation of December 12, 2011. Judge Noce recommends that Petitioner's Petition for Writ of Habeas Corpus, [Doc. No.'s 1 and 16], be denied. Petitioner has filed written objections to the Report and Recommendation.

When a party objects to the magistrate judge's report and recommendation, the Court must conduct a *de novo* review of the portions of the report, findings, or recommendations to which the party objected. See *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir.2003) (citing 28 U.S.C. § 636(b)(1)). For the reasons set forth below, Petitioner's Petition for Writ of Habeas Corpus is denied.

## Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. §

2254 (AEDPA) applies to all petitions for habeas relief filed by state prisoners after the statute's effective date of April 24, 1996. When reviewing a claim that has been decided on the merits by a state court, AEDPA limits the scope of judicial review in a habeas proceeding as follows:

> An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim –
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d).

In reviewing a state court conviction, a federal court also presumes that a state court's factual determinations are correct; this presumption may be rebutted only by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). In construing AEDPA, the United States Supreme Court, in *Williams v. Taylor*, 529 U.S. 362

(2000), held that:

> Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the U.S. Supreme Court] on a question of law or if the state court decides a case differently than [the U.S. Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the U.S. Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams*, 529 U.S. at 412-13. Furthermore, the *Williams* Court held that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 409. See also, *Bell-Bey v. Roper*, 499 F.3d 752, (8th Cir. 2007)("To be unreasonable, the state court's application of Supreme Court precedent must have been 'objectively unreasonable,' a standard that is more demanding than simply being 'incorrect or erroneous.' *Wiggins v. Smith*, 539 U.S. 510, 520-21(2003).").

"'Federal law, as determined by the Supreme Court,' refers to 'the holdings, as opposed to the dicta, of [the Supreme] Court's decisions.'" *Evenstad v. Carlson*,470 F.3d 777, 782-83 (8th Cir.2006) (quoting *Williams v. Taylor*, 529 U.S. 262, 412 (2000)). To obtain habeas relief, a habeas petitioner must be able to

point to the Supreme Court precedent he thinks the state courts acted contrary to or applied unreasonably. *Id*. at 283 (citing *Buchheit v. Norris*, 459 F.3d 849, 853 (8th Cir.2006); *Owsley v. Bowersox*, 234 F.3d 1055, 1057 (8th Cir.2000)). Thus, where there is no federal law on a point raised by a habeas petitioner, a federal court cannot conclude either that a state court decision is "'contrary to, or involved an unreasonable application of, clearly established Federal law' under 28 U.S.C. § 2254(d)(1)." *Id*. at 784. "When federal circuits disagree as to a point of law, the law cannot be considered 'clearly established' under 28 U.S.C. § 2254(d)(1). *Id*. at 783 (citing *Tunstall v. Hopkins*, 306 F.3d 601, 611 (8th Cir.2002)). See also *Carter v. Kemna*, 255 F.3d 589, 592 (8th Cir.2001) (holding that in the absence of controlling Supreme Court precedent, a federal court cannot reverse a state court decision even though it believes the state court's decision is "possibly incorrect").

## **Discussion**

Petitioner objects to Judge Noce's conclusion that Petitioner's claim of ineffective assistance of appellate counsel for failing to raise a speedy trial claim on appeal was without merit. The Court agrees with Missouri Court and Judge Noce that Petitioner can establish no prejudice by counsel's failure to raise a speedy trial claim on appeal. Petitioner argues that he can establish prejudice through the unavailable transcripts. Petitioner claims that in the missing

transcripts, the trial court ruled no further delays or Petitioner would be denied his right to a speedy trial.  Petitioner, however, misses the point.  He still fails Petitioner fails to present any evidence of prejudice, other than his own belief, that he was prejudiced by the delay.  As Judge Noce carefully and meticulously analyzes the facts of this case, there was no resulting prejudice from the delay in Petitioner's trial that would establish Petitioner was denied his constitutional right.

Petitioner also objects to the finding that the failure to call Nancy McKerrow was the result of ineffective assistance of counsel.  Judge Noce thoroughly discusses the lack of impact this failure had with respect to Petitioner's rights.  Everything to which Ms. McKerrow would have testified was established threw counsel's cross examination of John Smith.  Ms. McKerrow's testimony would have been cumulative.

Petitioner objects to Judge Noce's finding that the admission of height and weight was not improper.  Petitioner asserts that the jury should not have been allowed to consider the evidence of the booking sheet.  This evidence was admitted as corroboration of Mr. Bill Sadler's description of one of the men in his house at the time of the murder of his wife.  As Judge Noce correctly found, any issues with respect to the date of the booking sheet in relation to the actual events are appropriately considered regarding the weight to be given the evidence, rather

than its admissibility.

Petitioner quarrels with Judge Noce's denial of his motion for appointed counsel. The Court notes that there is no constitutional or statutory right to the appointment of counsel in a civil case. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984).

Petitioner moves for counsel on the grounds that he lacks the knowledge and skill necessary to present his case. However, Petitioner has set out his claims and has articulated his grounds therefore. Petitioner's claims do not appear so complicated that he was unable to present his claims in his habeas petitions.

Having considered the factual complexity of the case, the ability of Petitioner to investigate the facts, the potential existence of conflicting testimony, the ability of Petitioner to present his claim and the complexity of the legal issues involved in this case, *see Johnson v. Williams*, 788 F.2d 1319, 1323 (8th Cir. 1986), the Court concludes that denial of appointment of counsel is entirely appropriate.

## **Certificate of Appeal ability**

The federal statute governing certificates of appealability provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §

2253(c)(2). A substantial showing of the denial of a constitutional right requires that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Based on the record, and the law as discussed in Judge Noce's Recommendation, the Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right.

## Conclusion

Judge Noce's Order and Recommendation carefully considers Petitioner's arguments and the applicable law. The Court agrees that none of the issues raised in Petitioner's Petition warrant relief. As such, Petitioner's objections are overruled and the Court will adopt Judge Noce's Recommendations in their entirety.

Accordingly,

**IT IS HEREBY ORDERED** that the Petition of Ronald R. Smith, Jr. for a Writ of Habeas Corpus, [Doc. No.'s 1 and 16], is denied.

**IT IS FURTHER ORDERED** that the Court will not issue a Certificate of Appealability.

A separate judgment in accordance with this Opinion, Memorandum and

Order is entered this same date.

Dated this 25th day of June, 2012.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE